UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND O. CAMPBELL,<br>　　　　Petitioner,<br>　　v.<br><br>People of the State of California,<br>　　　　Respondent. | Case No. 23-cv-04580 BLF (PR)<br>**ORDER TO SHOW CAUSE** |

　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 1. After his *in forma pauperis* application was denied, Petitioner paid the filing fee. Dkt. No. 7.

**BACKGROUND**

　　According to the petition, Petitioner was found guilty by a jury in Contra Costa County Superior Court of first degree burglary. Dkt. No. 1 at 2. He was sentenced to 35 years to life as a three-striker. *Id.* at 1, 7. On direct appeal, the California Court of Appeal granted in part and denied in part the conviction. *Id.* at 3. The California Supreme Court denied review. *Id.*

　　Petitioner filed state habeas petitions, with the state high court denying relief in

2022.  *Id.* at 4.

Petitioner filed the instant federal habeas action on September 6, 2023.

## DISCUSSION

### I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

### II. Analysis

Petitioner raises the following grounds for habeas relief: 1) ineffective assistance of counsel in advising him to refuse a plea deal; and 2) prosecutorial misconduct claims based on several improper remarks to the jury.  Dkt. No. 1 at 5.  Liberally construed, these claims are cognizable and merit an answer from Respondent.

### III. Proper Respondent

Petitioner has named the "People of the State of California" as Respondent in this matter.  The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254).  This person typically is the warden of the facility in which the petitioner is incarcerated. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Here, Petitioner is

2

currently incarcerated at the California Training Facility where E. Borla is currently the Acting Warden. Accordingly, the Clerk shall replace "People of the State of California" with Acting Warden E. Borla as the Respondent in this matter.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 1. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

3

4.      It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: __December 4, 2023____

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause
PRO-SE\BLF\HC.23\04580Campbell_osc