UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESMOND CAMPBELL,

    Petitioner,

v.

E. BORLA, Acting Warden,

    Respondent.

Case No. 23-cv-04580 BLF (PR)

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

(Docket No. 13)

    Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Dkt. No. 1. The Court screened the petition and found it stated two cognizable claims. Dkt. No. 8. Respondent filed a motion to dismiss the petition as untimely, and because one claim is unexhausted and the other is procedurally defaulted and therefore not cognizable. Dkt. No. 13. Petitioner filed a "traverse" which the Court will construe as an opposition. Dkt. No. 16.[1] Respondent did not file a reply.

    For the reasons set forth below, Respondent's motion to dismiss the petition as

---

[1] Petitioner's opposition is untimely because it was filed beyond the twenty-eight days provided by the Court's scheduling order. Dkt. No. 8 at 3. Nevertheless, in the interest of justice, the Court will consider it.

untimely is GRANTED.

**I. BACKGROUND**

On March 10, 2017, a Contra Costa County Superior Court jury found Petitioner guilty of first degree burglary (Cal. Pen. Code § 459). Ex. A[2]; Dkt. No. 13-1 at 2. The trial court also found true allegations that Petitioner had three prior serious felony convictions (Cal. Pen. Code § 667(a)(1) & (d)-(e)) and two prior felony convictions for which he served terms of imprisonment (Cal. Pen. Code § 667.5(b)). *Id.* at 11. The trial court sentenced Petitioner to a total of 35 years to life in state prison. *Id.*

On June 25, 2020, the California Court of Appeal affirmed the conviction but remanded for resentencing based on California Senate Bill No. 1393 and its amendment to California Penal Code § 667(a)(1). *Id.* at 14.

On September 9, 2020, the California Supreme Court denied a petition for review. Ex. B; Dkt. No. 13-1 at 17.

The superior court resentenced Petitioner on December 18, 2020. Ex. C; Dkt. No. 13-1 at 40. Petitioner did not appeal the new judgment.

Petitioner filed state habeas petition in the Contra Costa County Superior Court on November 18, 2021[3] and February 17, 2022.[4] Ex. D; Dkt. No. 13-1 at 49, 104. The state court issued a reasoned denial on April 5, 2022. *Id.* at 44-47.

On May 2, 2022, Petitioner filed a state habeas petition in the California Court of Appeal, which denied the petition on May 20, 2022. Ex. E; Dkt. No. 13-1 at 185.

On June 23, 2022, Petitioner filed a state habeas petition in the California Supreme

---

[2] All references to exhibits are to the ones submitted with Respondent's motion to dismiss. Dkt. No. 13-1.

[3] Respondent concedes that under the "mailbox rule," the petition is deemed constructively filed when it is delivered to prison officials for filing. Dkt. No. 13 at 2, fn. 1, citing *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[4] Respondent cites the filing date as Petitioner did not date his signature on the petition. Dkt. No. 13 at 2, fn. 2.

2

Court, which denied the petition on November 16, 2022. Ex. F; Dkt. No. 13-1 at 292.

On August 31, 2023, Petitioner filed the instant federal habeas petition. Dkt. No. 1.

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The one-year limitations period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But the limitations period may be reset if a state court reopens direct review and a petitioner's conviction becomes "again capable of modification through direct appeal to the state courts and to [the Supreme Court] on certiorari review." *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). *See, e.g.*, *Thompson v. Lea*, 681 F.3d 1093, 1094-95 (9th Cir. 2012) (limitations period reset after the California Supreme Court granted review of a petition seeking review of the state court of appeal's denial of a motion to recall the remittitur and reinstate direct appeal). The judgment from which the limitations period runs is the one pursuant to which the petitioner is incarcerated. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). Thus, in cases where the judgment has been amended, the federal limitation period under 28 U.S.C. § 2244(d)(1)(A) runs from the most recent amended judgment of conviction in the state district court, not from the original judgment. *Id*.

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012); *see Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v.*

3

*Harrison*, 245 F. App'x 606 (9th Cir. 2007) (limitations period began running day after time to seek discretionary review of California Court of Appeal's decision in the California Supreme Court expired, which was forty days after the court of appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a); *see also Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within 60 days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Respondent asserts that remand for resentencing will delay finality of a state court judgment. Dkt. No. 13 at 4. Since Petitioner did not appeal his resentencing held on December 8, 2020, Respondent asserts that his judgment became final on February 8, 2021, when the time to file an appeal expired sixty days after sentencing. *Id.* Respondent asserts that this is the same date the judgment would have been final if Petitioner was not resentenced. *Id.* Respondent contends the limitations period then expired one year later, on February 8, 2022. *Id.* Respondent concedes that Petitioner is entitled to tolling for the time his state habeas petitions were pending because he did not unreasonably delay, giving him until February 6, 2023, to file a timely petition. *Id.* Respondent concludes that since Petitioner did not file his petition until August 31, 2023, more than six months later, it is untimely and must be dismissed. *Id.* at 5.

In opposition, Petitioner asserts generally that his petition is not untimely. Dkt. No. 16. He does not dispute the evidence presented by Respondent in support of their argument. Rather, he contends that there were "multiple obstacles that were addressed by each court" and that he took steps to correct them. *Id.* at 3. He points out that the Respondent requested extensions of time that were not his fault. *Id.* Petitioner contends

4

that any delays were due to mailing issue or the court asking him to take action. *Id.* The remainder of his opposition addresses the claims in this action. *Id.* at 4-6.

After a careful review of the papers, the Court finds the instant action is untimely. First, Respondent incorrectly refers to Petitioner's resentencing as December 8, 2020, but the date according to the record is December 18, 2020. Ex. C; Dkt. No. 13-1 at 40. Petitioner did not appeal the new judgment. Accordingly, AEDPA's one-year limitations period began to run sixty days later, *i.e.*, on February 16, 2021, when the time allotted for seeking review in the state appellate court expired. Cal. Rule of Court 8.308(a). Absent tolling, the limitations would expire one year later, on February 16, 2022.

Before the limitations period expired, Petitioner filed a habeas petition in state superior court on November 18, 2021. *See supra* at 2. By that time, the limitations period had run for 275 days. There is no dispute that Petitioner is entitled to tolling for the entire time he sought collateral review in the state courts, such that the limitations period remained tolled until the state high court denied his final petition on November 16, 2022. *Id.* at 3. Thereafter, Petitioner had 90 (365 less 275 days) to file a timely federal habeas petition, *i.e.*, no later than February 14, 2023. However, he did not file the instant action until August 31, 2023, over six months later. Accordingly, the petition is untimely.

Petitioner's arguments in opposition fail to address the six months delay between the time he completed collateral review in the state courts and when he finally filed the instant action. His assertions that he was not at fault for the delays in the state proceedings are irrelevant because it undisputed that he is entitled to tolling for the entire time his state habeas petitions were pending. Furthermore, any delays that occurred in this action are also irrelevant on the issue of whether it was timely filed. Petitioner presents no other grounds to save this matter from being untimely.

Based on the foregoing, the petition must be dismissed in its entirety as untimely. Respondent's motion to dismiss based thereon should be granted. Accordingly, the Court need not address Respondent's other grounds for dismissal. Dkt. No. 13 at 5-8.

///

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**.  Dkt. No. 13.  The petition for a writ of habeas corpus is **DISMISSED with prejudice** as untimely.

No certificate of appealability is warranted in this case.  *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated:  October 30, 2024

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss; Denying COA
P:\PRO-SE\BLF\HC.23\04580Campbell_grant-mtd(sol)